**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

MICHAEL ANTHONY COLAR, JR.

        Plaintiff,               CIVIL ACTION
                               NO. 24-38-BAJ-RLB

v.

ATLANTIC SPECIALTY INSURANCE
COMPANY, ET AL.

        Defendants.

## MEMORANDUM IN OPPOSITION TO XL INSURANCE COMPANY AND COAL CITY COB, INC.'S MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

Atlantic Specialty Insurance Company ("ASIC") submits this memorandum in response/opposition to the Motion for Summary Judgment (Rec. Doc. 36) filed by Defendants, XL Insurance America, Inc. ("XL") and Coal City Cob Company, Inc. ("Coal City") (collectively, "Defendants") As explained more fully below, the Court should deny the Motion for two reasons:

1.    As explained in ASIC's Motion for Summary Judgment (Rec. Doc. 37), the evidence obtained to date shows that the driver of the truck, Mr. Powell, was not using his truck "solely for personal use unrelated to the business of" Coal City at the time of this accident. The evidence submitted by ASIC in its Motion for Summary Judgment (Rec. Doc. 37 (1) – (7)) establishes that Mr. Powell was engaged in activities related to his work for Coal City at the time of the accident. Therefore, Mr. Powell was not on a "purely personal endeavor" as stated by Defendants in their Motion.

2.     Mr. Powell is an insured under the policy of insurance issued by XL. Therefore, the XL policy does provide coverage for Plaintiff's claims against Mr. Powell.

## I.     ARGUMENT

### A.     Powell was not on a "purely personal" mission at the time of the accident.

In the interest of judicial efficiency, ASIC will not recapitulate here what it has already set forth in its memorandum filed in support of its Motion for Summary Judgment (Rec. Docs. 37 (1 – 7)). But, to briefly recap, the evidence ASIC submitted in connection with its Motion for Summary Judgment establishes that Mr. Powell was not on a "purely personal" endeavor at the time of this accident. Instead, the evidence shows the following:

1.  Powell was in the middle of a transportation job for Coal City at the time that this accident occurred. *Rec. Doc. 37-5* at page 66:12 – 67:2.

2.  On the day of the accident, Powell travelled from Atlanta, Georgia to Gonzales, Louisiana. When he arrived in Gonzales, he dropped off the trailer attached to his truck at the Coal City yard in Gonzales, Louisiana. *Rec. Doc. 37-5 at* 32:19 – 33:8. He then drove the truck, without an attached trailer, to an O'Reilly Auto Parts store to purchase parts for the vehicle. *Id.* at 33:6-15.

3.  Powell went to O'Reilly Auto Parts because he was "getting things to work on my truck," and described the trip as part of preparing the vehicle for future assignments with Coal City. *Rec. Doc. 37-5* at 33:6-24 and 59:19 – 63:24.

2

4. Pursuant to the contract between Sequoia and Coal City, Powell was required to maintain the truck in a safe condition and in compliance with all applicable motor carrier laws. *Rec. Doc. 37-7* – Independent Contractor Agreement at Section 6(a) and 6(e).

5. The accident occurred after Powell left the O'Reilly store. *Rec. Doc. 37-5* at 61:3-5.

6. After the accident, Powell returned to the Coal City yard and remained there overnight in preparation for the next day's delivery. *Rec. Doc. 37-5* at 33:6 – 35:24.

7. The purpose of Powell's trip both to Gonzales and to the O'Reilly's store was for business. *Rec. Doc. 37-5* at 37:23 – 38:23.

8. The accident occurred while Powell was in Gonzales because he was waiting to haul another load pursuant to his next assignment from Coal City. *Rec. Doc. 37-5* at 33:16 – 34:9.

Mr. Powell's status as an independent contractor is not relevant to the question of whether he was on a personal or business endeavor at the time of the accident. Aside from conclusory allegations, Defendants have not submitted or pointed to any evidence that Mr. Powell was on a "purely personal endeavor" at the time of this accident. Instead, as explained above and in more detail in ASIC's own Memorandum in Support of its Motion for Summary Judgment (Rec. Doc. 37-1), the evidence shows, indisputably, that Mr. Powell was performing an activity that was related to his work

for Coal City – purchasing equipment he needed to maintain his truck while waiting for his next assignment – at the time of the accident.

**B.    The XL Policy provides coverage for Plaintiff's claims against Powell, Coal City and/or XL.**

The XL policy states that an "insured" includes "you for any covered 'auto,'" and, "anyone else while using with your permission a covered 'auto' you own, hire, or borrow, except…the owner or anyone else from whom you hire or borrow a covered 'auto.'"[1] Notably, the "covered autos" to which liability coverage applies includes "any 'auto.'"[2] The policy further defines "auto" as a "land motor vehicle, 'trailer' or semitrailer designed for travel on public roads; or any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law."[3]

Mr. Powell would certainly qualify as "anyone else" who was using a covered "auto" that Coal City had hired to perform work. XL, though, contends that Mr. Powell is not an insured because he fits into an exception – namely that he is the owner from whom Coal City hired or borrowed a covered "auto," and, therefore, not an "insured." However, Mr. Powell, individually, is not the owner of the truck at issue – the owner of the truck is Sequoia Powell Global Transport Company, LLC."[4] Coal City did not hire Mr. Powell individually – Coal City entered into a contract with

---

[1] Rec. Doc. 36-7

[2] Rec. Doc. 36-8 at Page 27 and 36 of 141 (Under the "Liability" coverage section, the number "01" is noted in the "Covered Autos" column, and the policy states that "01" means there is coverage for "any 'auto.'"

[3] Rec. Doc. 36-8 at Page 45 of 141.

[4] *See* Rec. Doc. 36-2 (Statement of Undisputed Material Facts No. 1); *see also* Rec. Doc. 36-6 at Page 10 of 76 (Page 9, lines 3 – 24 of the deposition)

Sequoia Powell Global Transport, LLC.[5] Therefore, while Sequoia Powell Global Transport Company, LLC may not be an "insured" under the XL policy, Mr. Powell, in his individual capacity, fits the definition of "anyone else while using with your permission a covered" auto that Coal City hired. Therefore, Mr. Powell is an "insured" who should be afforded coverage by the XL policy.

Additionally, the XL insurance policy at issue also contains an MCS-90 Endorsement.[6] That Endorsement states (in pertinent part):

> The insurance policy to which this endorsement is attached provides automobile liability insurance and is amended to assure compliance by the insured, within the limits stated herein, as a motor carrier of property, with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration (FMCSA). In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere.

Even if XL contends that some other portion of its policy applies to preclude coverage, the MCS-90 Endorsement makes clear that XL is obligated to pay any judgment rendered against an "insured," which would include Mr. Powell, for public liability resulting from negligence in the operation of a truck such as the truck Mr. Powell was operating at the time of this accident.

---

[5] Rec. Doc. 36-5.

[6] *See* Rec. Doc. 36-8 at Pages 56 -57 of 141

5

## II.    CONCLUSION

Coal City and XL allege, without evidence, that Mr. Powell was on a personal endeavor at the time of the accident. As ASIC has explained further, and with supporting evidence, Mr. Powell was performing activities that were related to his work for Coal City at the time of the accident. While Coal City and XL have not explicitly asked for such a finding, ASIC requests that the Court deny Coal City and XL's motion to the extent that it seeks a ruling that Mr. Powell was on a "purely personal" endeavor at the time of the accident.

Additionally, despite XL's contentions, there is at least a question of fact regarding whether Mr. Powell, in his individual capacity, is an "insured" under the policy of insurance issued by XL and, therefore, entitled to coverage under the policy for Plaintiff's claims against Mr. Powell in this suit.

Respectfully submitted:

**INTACT U.S. COVERAGE LITIGATION GROUP**

*/s/ Jeffrey J. Siemann*
Jeffrey J. Siemann, LA #34765
605 Highway 169 North, Suite 800
Plymouth, MN 55441
(781) 332-7127
jsiemann@intactinsurance.com

*Attorney for Defendant*
*Atlantic Specialty Insurance Company*

6

## **CERTIFICATE OF SERVICE**

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on May 21, 2025, a true and correct copy of the foregoing instrument was served on all counsel of record via ECF.

/s/ *Jeffrey J. Siemann*
Jeffrey J. Siemann